NOTICE

Decision filed 06/27/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220548-U

NO. 5-22-0548

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 21-CF-595 |
| | ) | |
| HORATIO A. SUMRALL JR., | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where defendant's motion to reconsider the sentence was filed seven months after the judgment and defendant was not entitled to the relief sought in any event, the circuit court properly denied it.  As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and dismiss the appeal.

¶ 2    Defendant, Horatio A. Sumrall Jr., appeals the circuit court's order denying his motion to reconsider his sentence.  His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred in doing so.  Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum.  See *Anders v. California*, 386 U.S. 738 (1967).  OSAD has notified defendant of its motion, and this court has provided him with ample opportunity to respond and he has filed a response.  However, after considering the record on appeal, OSAD's memorandum and

1

supporting brief, and defendant's response, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4    Defendant was charged with aggravated discharge of a firearm at an occupied vehicle (count I), unlawful possession of a weapon by a felon (count II), and five counts of reckless discharge of a firearm. On November 22, 2021, the parties announced a plea agreement. The prosecutor described the agreement as follows. Defendant would plead guilty to counts I and II. He would be sentenced on count I to seven years and six months in prison, to be served at 85%, and on count II to seven years and six months, to be served at 50%. The State would dismiss the remaining counts. Defendant confirmed that this was his understanding of the agreement.

¶ 5    The circuit court admonished defendant about the charges. The court explained that count I was a Class 1 felony carrying a sentence of 4 to 15 years' imprisonment. Count II was a Class 2 felony carrying a sentence between 2 and 14 years. The court explained, "We're contemplating a concurrent sentence of seven years and six months on Count I to be served at 85 percent; to run with a term of seven years and six months on Count II to run at 50 percent." After some further explanation by the court, defendant said that he understood the sentencing options.

¶ 6    The court explained the rights that defendant would give up by pleading guilty. He denied that he had been threatened or promised anything beyond the agreed terms and assured the court that his plea was voluntary.

¶ 7    The State's factual basis indicated that police responded to a report of shots fired. A witness said that he was behind a sedan traveling on North 48th Street. The sedan made a U-turn, and the driver fired several shots at his vehicle. He heard one shot hit his vehicle and ducked down

2

as the sedan drove away. The court found the plea was voluntary and imposed the agreed upon sentences, again stating that count I would be served at 85%.

¶ 8    The court then informed defendant that if he wished to appeal the judgment, he would first have to "within thirty days of today's date file a written motion with the Circuit Clerk here in St. Clair County asking to have today's judgment vacated and for leave to withdraw your plea of guilty." The court further explained defendant's appeal rights, including that any issues not raised in such a motion would be waived on appeal, and he said that he understood.

¶ 9    On June 21, 2022, defendant filed a motion seeking a reduced sentence. Citing *People v. Burns*, 2020 IL App (3d) 170103, defendant argued that he was entitled to day-for-day credit against his sentence for aggravated discharge.

¶ 10    The circuit court denied the motion as untimely. The court also noted that *Burns* was distinguishable because it involved a conviction of armed violence rather than aggravated discharge. The court cited section 3-6-3(a)(2)(iv) of the Criminal Code of 2012 (730 ILCS 5/3-6-3(a)(2)(iv) (West 2020)), which provides that a defendant convicted of aggravated discharge is only entitled to 4.5 days of sentence credit per month regardless of any bodily harm inflicted on the victim. Defendant appealed.

¶ 11                              ANALYSIS

¶ 12    OSAD concludes that there is no good-faith argument that the circuit court erred in denying defendant's motion. OSAD first notes that, as the trial court stated, defendant's motion was untimely. OSAD also concludes that defendant is not entitled to relief in any event because the relevant statute provides that he must serve 85% of his sentence.

¶ 13    Before a defendant may appeal from a judgment on a plea of guilty, he must file a written motion in the circuit court within 30 days of the date on which sentence is imposed. *People v.*

*Flowers*, 208 Ill. 2d 291, 300 (2003). Illinois Supreme Court Rule 604(d) prescribes the type of motion that a defendant may file and provides as follows:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 14    Similarly, Illinois Supreme Court Rule 605(c) requires the circuit court, following the entry of a negotiated plea, to admonish a defendant, in relevant part, as follows:

"(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion[.]" Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 15    The filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment on a plea of guilty. *People v. Wilk*, 124 Ill. 2d 93, 105 (1988). As a general rule, the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the merits of an appeal. Where a defendant has failed to file such a motion, we must dismiss the appeal, leaving the Post-

4

Conviction Hearing Act as the defendant's only recourse. *Flowers*, 208 Ill. 2d at 301. However, some exceptions exist. The dismissal of an appeal based on a defendant's failure to file the requisite motions in the trial court would violate due process if the defendant did not know that filing such motions was necessary. *Id.*

¶ 16    Here, defendant entered a fully negotiated plea: the parties agreed to recommend specific sentences, which the court ultimately imposed. Thus, in order to appeal, he had to file within 30 days a motion to withdraw the plea. The trial court correctly told him this, but he did not do so. Instead, seven months later, he filed a motion to reconsider the sentence. Thus, the court properly denied relief.

¶ 17    In his response, defendant insists that his late filing should be excused because he was not properly admonished. He claims that the circuit court did not advise him "that he could not appeal if a motion was not filed within 30 days." As quoted above, the court expressly told defendant that in order to appeal he would first have to file a motion within 30 days. The court literally complied with Rule 605.

¶ 18    Defendant argues that the court's admonishments were incomplete because he was "not advised of the 85% requirement." We fail to understand this argument as defendant was advised at least four times during the plea hearing that he would have to serve 85% of the sentence for aggravated discharge. Indeed, the prosecutor's comments suggest that defendant serving 85% of the sentence was an integral part of the plea negotiations. Defendant cannot plausibly claim that he was unaware of this requirement.

¶ 19    Defendant further argues that the applicable statute requires that he serve only 50% of his sentence. Because defendant was properly admonished about how to perfect an appeal but failed

to do so, we must dismiss the appeal. *Id.* We briefly address this issue as it could recur in later proceedings.

¶ 20 Defendant's confusion is perhaps understandable. When defendant was sentenced, section 3-6-3(a)(2) of the Unified Code of Corrections provided as follows:

"(2) Except as provided in paragraph (4.7) of this subsection (a), the rules and regulations on sentence credit shall provide, with respect to offenses listed in clause (i), (ii), or (iii) of this paragraph (2) committed on or after June 19, 1998 or with respect to the offense listed in clause (iv) of this paragraph (2) committed on or after June 23, 2005 (the effective date of Public Act 94-71) *** the following:

* * *

(iii) that a prisoner serving a sentence for home invasion, armed robbery, aggravated vehicular hijacking, *aggravated discharge of a firearm*, or armed violence with a category I weapon or category II weapon, when the court has made and entered a finding, pursuant to subsection (c-1) of Section 5-4-1 of this Code, that the conduct leading to conviction for the enumerated offense resulted in great bodily harm to a victim, shall receive no more than 4.5 days of sentence credit for each month of his or her sentence of imprisonment;

(iv) that a prisoner serving a sentence for *aggravated discharge of a firearm*, whether or not the conduct leading to conviction for the offense resulted in great bodily harm to the victim, shall receive no more than 4.5 days of sentence credit for each month of his or her sentence of imprisonment[.]" (Emphases added.) 730 ILCS 5/3-6-3(a)(2)(iii), (iv) (West 2020).

6

¶ 21     Defendant cites subsection (iii), which provides that a defendant convicted of aggravated discharge of a firearm must serve 85% of his sentence only if the court finds that the offense resulted in great bodily harm to a victim. OSAD cites subsection (iv), which provides that a defendant convicted of aggravated discharge of a firearm must serve 85% of his sentence regardless of whether the victim was harmed. In *People v. Williams*, 2015 IL App (1st) 130097, ¶ 63, the defendant pointed out this seeming contradiction and argued that the rule of lenity required application of the more favorable provision requiring the defendant to serve only 50% of his sentence. The First District rejected this claim. The court, citing the date restrictions in the opening sentence, held that "[t]he plain language of subsection (a)(2)(iv) reveals the legislature's intent that a defendant who commits the offense of aggravated discharge of a firearm *after* June 23, 2005, must serve at least 85% of his sentence regardless of whether the conduct resulted in 'great bodily harm' to a victim." (Emphasis in original.) *Id.*

¶ 22                                    CONCLUSION

¶ 23     As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and dismiss the appeal.


¶ 24     Motion granted; appeal dismissed.