Docket No. 94721–Agenda 9–September 2003.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ELEANOR FLOWERS, Appellee.

Opinion filed November 20, 2003.–Modified on denial of rehearing January 26, 2004.

JUSTICE RARICK delivered the opinion of the court:

The issue in this case is whether a criminal defendant who has pleaded guilty may challenge the validity of her sentence on appeal where she did not file the postjudgment motion required by Supreme Court Rule 604 (145 Ill. 2d R. 604) until after the circuit court’s subject matter jurisdiction had expired. For the reasons that follow, we hold that she may not.

The defendant, Eleanor Flowers, was indicted in Will County in November of 1998 on seven counts of forgery (720 ILCS 5/17–3(a)(2) (West 1998)). The indictments were issued in three separate cases, but the proceedings were subsequently heard and decided together. Following negotiations with the State, Flowers agreed to plead guilty on all counts. Under the terms of the plea bargain, the State agreed to recommend that she receive concurrent four-year sentences on each of the seven charges.

A hearing on Flowers’ guilty plea was conducted by the circuit court pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402). At that hearing, the trial judge acknowledged the agreement of the parties concerning the length of the sentence, but indicated that it was not bound by the State’s recommendation. The court explained the nature of the charges to Flowers, set forth the rights she was waiving by pleading guilty, and determined that her plea was voluntary and that there was a factual basis for it. The court also advised Flowers of potential penalties she faced, including a maximum of 10 years’ imprisonment in each of the three cases in which she was charged, with the terms to be served consecutively; a fine of up to $25,000 in each of the three cases; and one year of mandatory supervised release in each case. The judge further noted that the minimum penalty Flowers faced would be no jail time, a judgment for court costs, and three sentences of conditional discharge. Flowers was not cautioned that she might be required to pay restitution.

At the conclusion of the hearing, the circuit court accepted Flowers’ plea of guilty and set the matter for sentencing. A presentence report was prepared and filed. The sentencing hearing was conducted in July of 1999. Flowers appeared and was represented by counsel. In the course of the hearing, the circuit court rejected the concurrent four-year terms of imprisonment called for by the parties’ plea agreement. Instead, it sentenced Flowers to concurrent five-year terms of imprisonment. Those terms, while concurrent with each other, were to be served consecutively to other sentences Flowers had already received in Cook and Lake Counties. Additionally, the court ordered her to pay restitution in the amount of $5,446.00 plus court costs. To insure that the restitution and costs were paid, the court authorized the Department of Corrections (DOC) to withhold 50% of her prison income.

After imposing sentence, the circuit court advised Flowers of her right to appeal. The explanation given by the court was that before Flowers could take an appeal, she would first be required to file a written motion to withdraw her guilty plea and vacate the sentence. The court admonished Flowers that a motion to withdraw the plea and vacate the sentence had to be filed within 30 days. The court also advised Flowers that she had the right to an attorney to assist her with the appeal and that if she could not afford to pay a lawyer, a lawyer would be appointed to represent her.

Flowers was represented by counsel when the court made the foregoing remarks. Neither she nor her attorney filed motions to withdraw the guilty plea and vacate the judgment. Instead, Flowers proceeded directly to filing notices of appeal from the circuit court’s judgment. The appeals were filed by her, appearing 
pro se
, on August 9, 1999. Nine days later, the appellate defender was appointed to represent her.

Following appointment of the appellate defender, a motion was filed on Flowers’ behalf to have her appeals dismissed. The basis for that motion was that her appeal was fatally defective because she had failed to comply with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). The version of the rule then in effect provided:

“No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.” 145 Ill. 2d R. 604(d).

There being no dispute that Flowers had neither moved for reconsideration of her sentence, nor moved to withdraw her guilty plea and vacate the sentence, the motion to dismiss was granted by appellate court. The court’s order was filed October 13, 1999. Its mandate issued November 15, 1999. Meanwhile, on October 7, 1999, Flowers filed a 
pro se 
petition in the circuit court of Will County seeking relief under the Post-Conviction Hearing Act (725 ILCS 5/122–1
 et seq
. (West 1998). As grounds for that petition, Flowers alleged that she had not had an adequate opportunity to confer with her lawyer regarding her sentence, was “not given a chance to argue sentence,” and was denied effective assistance of counsel when her attorney failed to move for reconsideration after the trial court imposed a sentence in excess of what she thought she should receive.

On Flowers’ motion, the circuit judge presiding over the postconviction proceedings granted permission for her to appear and defend as a poor person. It also appointed the public defender to represent her. See 725 ILCS5/122–4 (West 1998). Despite the appointment, no attorney was actually assigned to Flowers’ case until the end of August 2000, and the matter lay dormant for nearly a year.

At the end of November 2000, after Flowers’ postconviction petition had been reassigned to a different public defender, the new lawyer filed a motion pursuant to Supreme Court Rule 604(d) seeking reconsideration of the sentences imposed by the circuit court in July of 1999 in the three criminal cases. That motion complained that the sentencing judge had given no reason for refusing to follow the sentence recommended in the parties’ plea agreement and that Flowers “would not have entered into the plea had she known what type of sentence she would have received.”

The motion to reconsider sentence was heard and rejected by the circuit court. Proceeding 
pro se
, Flowers then filed a second set of notices of appeal with the appellate court. With that filing, Flowers’ court-appointed attorney withdrew her postconviction petition and filed a certificate under Supreme Court Rule 604(d) stating that he had consulted with her to ascertain her contentions of error, examined the trial court file and report of proceedings of the plea of guilty, and made whatever amendments to the motion were necessary for adequate presentation of any defects in the proceedings. A few days later, on January 29, 2001, Flowers filed her third and final set of notices of appeal. According to those notices, Flowers was appealing from the denial of what she styled her “Motion to Reconsider–Post Conviction Petition.” The appellate defender was appointed to represent her, and the matter proceeded before the appellate court. Because Flowers’ counsel had withdrawn her claims for relief under the Post-Conviction Hearing Act, the appellate court regarded her appeal as directed solely toward the circuit court’s denial of her motion for reconsideration of her sentences. Flowers challenged the denial of the motion to reconsider on two grounds. First, she contended that because the circuit court had not warned her when she pleaded guilty that she might be required to pay restitution, the portion of her sentence imposing a restitution requirement was invalid and should have been set aside. Second, she argued that the provision in her sentence allowing the Department of Corrections to withhold 50% of her prison income to pay for restitution and court costs is void and unenforceable because it is not among the sentencing options authorized by the Unified Code of Corrections (730 ILCS 5/1–1–1 
et seq.
 (West 1998)).

The State moved to dismiss Flowers’ appeal, arguing that her motion to reconsider was fatally defective. The State asserted that under Supreme Court Rule 604(d), governing appeals from judgments entered upon a plea of guilty, Flowers was required to seek more than reconsideration of her sentence. In the State’s view, she should have moved to withdraw her plea of guilty and vacate the judgment. The State further contended that Flower’s motion was untimely because it was not filed within 30 days of imposition of sentence as Rule 604(d) requires. Because of these defects, the State claimed, Flowers’ motion for reconsideration was not sufficient to invoke the appellate court’s jurisdiction.

The appellate court rejected both of the State’s arguments. It held that the sentence imposed by the trial court went beyond the terms of the agreement negotiated by Flowers and the State. Because the trial judge did “not sentence defendant within the covenants of the contract,” the appellate court ruled that Flowers was not required to file a motion to withdraw the plea and vacate the judgment. Moving to reduce the sentence, as she did, was sufficient under Rule 604(d). The appellate court further held that failure to comply with Rule 604(d)’s timing requirements did not require that the cause be dismissed. Citing our recent decision in 
People v. Belcher
, 199 Ill. 2d 378 (2002), the appellate court concluded that the requirements of Rule 604(d) are not jurisdictional and can be excused when consideration of the unauthorized aspects of a sentence would better serve the ends of justice. It found this to be such as case. Accordingly, the court considered Flowers’ appeal on the merits.

The court ultimately concluded that because the circuit court had failed to admonish Flowers that her sentence could include restitution, due process considerations precluded the circuit court from imposing a restitution requirement after she pleaded guilty. The court also agreed with Flowers’ assertion that the 50% withholding requirement imposed by the circuit court was void. It therefore vacated that portion of the circuit court’s judgment ordering her to pay restitution and directing the Department of Corrections to withhold 50% of her prison income. 333 Ill. App. 3d 60.

The appellate court’s decision was not unanimous. In a partial concurrence and partial dissent, one justice broke with the majority. He agreed that the State’s jurisdictional challenge was not meritorious. He also agreed with the majority’s decision to vacate, as void, the portion of the circuit court’s judgment directing the Department of Corrections to withhold money from Flowers’ prison earnings. Where the dissenting justice parted from the majority was with respect to its decision to vacate the restitution order. In the dissent’s view, Flowers’ failure to file her motion to reconsider within the deadline imposed by Rule 604(d) should have been fatal to her appeal. Although the dissenting justice acknowledged that our court excused strict compliance with Rule 604(d) under the “unusual and fact specific circumstances” present in 
People v. Belcher
, 199 Ill. 2d 378 (2002), he did not believe that the present case warranted similar treatment.

The State petitioned for leave to appeal under our Rule 315 (177 Ill. 2d R. 315). It contended that the appellate court majority erred in allowing Flowers’ appeal to proceed despite her failure to file a timely motion in the circuit court pursuant to Rule 604(d). It further argued, in the alternative, that even if Flowers’ noncompliance with Rule 604(d) could be excused, the propriety of the restitution requirement was not properly before the court. Because Flowers had not included a challenge to that requirement when she filed her belated motion for reconsideration of the sentence under Rule 604(d), the State asserted that the appellate court should have deemed the issue waived.

We allowed the State’s petition, and the matter is now before us for review. In undertaking our review, we look first to Rule 604(d). The text of the rule, set forth earlier in this opinion, plainly provides that before a defendant may appeal from a judgment on a plea of guilty, he must file a written motion in the circuit court within 30 days of the date on which sentence is imposed. The motion may either seek reconsideration of the sentence or request that the guilty plea be withdrawn and the judgment vacated. Which form of relief is sought depends on the circumstances. In every case, however, there must be a motion. Absent an extension of time granted by the trial court prior to expiration of the 30-day deadline, that motion must be filed within the 30-day period specified by the rule.

The filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment on a plea of guilty. 
People v. Wilk
, 124 Ill. 2d 93, 105 (1988). The discovery that a defendant has failed to file a timely 604(d) motion in the circuit court does not deprive the appellate court of jurisdiction over a subsequent appeal. 
In re William M.
, 206 Ill. 2d 595, 601 (2003). As a general rule, however, the failure to file a timely 604(d) motion precludes the appellate court from considering the appeal on the merits. Where a defendant has failed to file a written motion to withdraw his plea of guilty or to reconsider his sentence, the appellate court must dismiss the appeal (
People v. Jamison
, 181 Ill. 2d 24, 28-29 (1998)), leaving the Post-Conviction Hearing Act as the defendant’s only recourse (
People v. Foster
, 171 Ill. 2d 469, 471 (1996)).

This rule is not without exceptions. Dismissal of an appeal based on a defendant’s failure to file the requisite motions in the trial court would violate due process if the defendant did not know that filing such motions was necessary. See 
People v. Foster
, 171 Ill. 2d at 473. Accordingly, Supreme Court Rule 605 (145 Ill. 2d R. 605) mandates that the trial court advise defendants, at the time sentence is imposed, of the procedural steps Rule 604(d) requires them to take in order to appeal. If the trial court fails to give the admonishments set forth in Rule 605 and the defendant subsequently attempts to appeal without first filing the motions required by Rule 604(d), the appeal is not dismissed. Instead, the appropriate course is to remand the cause to the trial court for strict compliance with Rule 604(d). 
People v. Foster
, 171 Ill. 2d at 474; 
People v. Jamison
, 181 Ill. 2d at 30.

In the case before us today, the trial court clearly advised Flowers of her right to appeal and of the steps she was required to take before an appeal could be filed. Flowers does not assert that the trial court’s admonitions were deficient under our rules, and the transcript of the trial proceedings indicates that Flowers heard and understood the court’s admonishments. Under these circumstances, and in accordance with the foregoing authorities, Flowers should not have been permitted to continue with the appeals she filed in August of 1999 after sentence was imposed. The law required that her appeals be dismissed and that Flowers be left to pursue her relief under the Post-Conviction Hearing Act. The attorney appointed to represent Flowers after she initiated her original appeals understood these principles correctly. That is why he moved for dismissal of the appeals, leaving Flowers to bring postconviction proceedings, as she did.

Flowers’ postconviction petition, filed in October of 1999, alleged that she was denied effective assistance of counsel, a claim cognizable under the Post-Conviction Hearing Act. 
People v. Jackson
, 205 Ill. 2d 247, 258-59 (2001). As discussed earlier in this disposition, Flowers was allowed to appear and defend as a poor person, and counsel was appointed to represent her. Had those proceedings simply moved forward, the case would have been routine and unremarkable, at least from a procedural standpoint. What makes the case problematic is counsel’s decision to take the additional step of filing a motion under Rule 604(d) to reconsider the sentences in the underlying criminal cases despite the fact that the judgments in those cases had been final for over a year.

The requirements of Rule 604(d) are inapplicable to postconviction proceedings. See
 People v. Miranda
, 329 Ill. App. 3d 837, 841 (2002). Flowers was therefore not required to file motion under the rule in order to pursue her postconviction claims. In the context of her cause of action under the Post-Conviction Hearing Act, Flowers’ Rule 604(d) motion had no effect.

If Flowers’ attorney intended the Rule 604(d) motion as an additional avenue of recourse, parallel to that of the postconviction proceedings, it was likewise ineffective. The jurisdiction of trial courts to reconsider and modify their judgments is not indefinite. Normally, the authority of a trial court to alter a sentence terminates after 30 days. See 730 ILCS 5/5–8–1(c) (West 2002). This 30-day limitation is incorporated into Rule 604(d), which governs postjudgment motions in cases such as the one before us where the defendant has pleaded guilty. Where, as here, more than 30 days have elapsed since sentence was imposed and the trial court has not extended the limitation period upon proper application of defendant for good cause shown, the trial court is divested of jurisdiction to entertain a defendant’s motion to vacate the judgment or reconsider the sentence pursuant to Rule 604(d). See 
People v. Williams
, 53 Ill. App. 3d 335, 337-38 (1977). Accordingly, by the time Flowers filed her Rule 604(d) motion, the circuit court no longer had authority to consider it.

No possible claim can be made that the deadline for filing the Rule 604(d) motion was extended by the filing of the postconviction petition. Postconviction proceedings are not a continuation of, or an appeal from, the original case. They are an independent action by which criminal defendants may bring a collateral attack upon a prior conviction and sentence. 
People v. Johnson
, 205 Ill. 2d 381, 388 (2002). Flowers’ postconviction petition therefore had no effect on the viability of her request for relief under Rule 604(d).

That the trial court had lost jurisdiction to consider Flowers’ overdue Rule 604(d) motion was not raised by the State when the motion was filed and considered. The absence of such an objection, however, did not give the trial court the authority to proceed. Lack of subject matter jurisdiction is not subject to waiver (see 
People v. Williams
, 53 Ill. App. 3d at 337) and cannot be cured through consent of the parties (
Toman v. Park Castles Apartment Building Corp.
, 375 Ill. 293, 302 (1940)).

In attempting to explain the belated filing of the Rule 604(d) motion, counsel for Flowers makes an unexpected claim. He now argues that the postconviction petition was not actually abandoned at all. To the contrary, counsel asserts that the petition was allowed, and that when the circuit court considered Flowers’ belated Rule 604(d) motion on the merits, it did so as part of the relief it was granting to her on her postconviction claims.

With all due respect, this contention is untenable. We have carefully reviewed the transcripts and the common law record and found no indication of any kind that the trial court granted or intended to grant postconviction relief to Flowers. Indeed, the transcript of a hearing conducted in the trial court on November 30, 2000, plainly shows that the postconviction petition was withdrawn at defense counsel’s request.

The circuit court’s loss of subject matter jurisdiction over the underlying criminal proceedings was not considered by the appellate court when it reviewed the propriety of Flowers’ sentence. The appellate court proceeded to the merits of the appeal based on our recent decision in 
People v. Belcher
, 199 Ill. 2d 378 (2002). 
Belcher
, however, is inapposite.

The defendant in 
Belcher
 was charged with murder and residential burglary. A court-appointed psychiatrist determined that he was sane based on the statutory standards in effect at the time of the offense. Faced with that finding, the defendant stipulated to being fit to stand trial. He subsequently decided to plead guilty to first degree murder and was sentenced to 60 years’ imprisonment.

In contrast to the defendant in our case, the defendant in 
Belcher
 filed a timely motion for reconsideration of his sentence under Rule 604(d) after sentence was imposed. The motion was denied, and defendant appealed. While his appeal was pending, the insanity statute was invalidated by the courts in unrelated proceedings. Invalidation of the statute meant that the prior version of the law should have applied to the defendant’s case. Under that version of the law, the defendant would not have been considered sane at the time he committed the offense and would therefore not have pleaded guilty. The problem was that defendant’s Rule 604(d) motion had not included a request to withdraw the plea and vacate the judgment.

Under a strict application of Rule 604(d), the defendant’s failure to move for withdrawal of the plea precluded him from challenging it. In accordance with that view of the law, the appellate court had refused to permit him to withdraw the plea. It was only going to allow him to file a new motion to reconsider his sentence. Moreover, because this was not a situation where the defendant’s failure to move for withdrawal of his guilty plea had resulted from ineffective assistance of counsel and the case did not otherwise involve an abridgment of constitutional rights, the defendant had no recourse under the Post-Conviction Hearing Act. As a result, until he reached our court, the defendant was left with no escape from the consequences of a plea based on application of an invalid statute.

 Noting the unusual circumstances of that case, we believed that the interests of justice would be better served by affording the defendant an opportunity to correct the omission. We did not address the ultimate merits of the case or authorize the appellate court to do so. We simply reversed and remanded to permit the defendant to file a new motion under Rule 604(d) that included a request to vacate his guilty plea.

In the case before us, Flowers made no effort to seek any relief under Rule 604(d) until more than 16 months had passed following imposition of sentence and the trial court had lost all jurisdiction over the matter. No comparable absence of circuit court jurisdiction was present in 
Belcher
. Nothing in 
Belcher 
suggests that the lack of circuit court jurisdiction is a defect that can be excused, and nothing in 
Belcher
 can be read to authorize a reviewing court to consider the merits of a challenge to a plea or a sentence imposed following a plea, as the appellate court did here, unless and until the requirements of Rule 604(d) have been satisfied.

We note, moreover, that the equitable considerations present in 
Belcher
 are lacking in this case. Flowers’ failure to seek relief from the trial court within the required period and before a direct appeal was attempted was not attributable to any misapprehension of the governing substantive law. The law did not change. The rules were clear. They were simply not followed.

As we have discussed, Flowers was not without an alternate remedy. In contrast to the defendant in 
Belcher
, Flowers was entitled to seek relief under the Post-Conviction Hearing Act and did so. That her appointed attorney erroneously elected to dismiss her postconviction petition is unfortunate and may provide grounds for further claims of ineffective assistance of counsel. It does not, however, warrant deviation from the clear mandates of Rule 604(d) or the established principles limiting jurisdiction of our trial courts.

Because the circuit court’s jurisdiction over the underlying criminal case had long since lapsed by the time Flowers finally asserted her belated request for relief under Rule 604(d), the court had no authority to address the Rule 604(d) motion on the merits. Even if it had found Flowers’ arguments meritorious, it could not have granted her relief. A ruling made by a circuit court in the absence of subject matter jurisdiction is void. 
Steinbrecher v. Steinbrecher
, 197 Ill. 2d 514, 531 (2001). The only continuing power the circuit court possessed over the case was limited to enforcement of the judgment or correction of clerical errors or matters of form so that the record conformed to the judgment actually rendered. See 
Holwell v. Zenith Electronics Corp.
, 334 Ill. App. 3d 917, 922 (2002). Neither of those situations was present here.

That the circuit court’s order was void is fatal to the appellate court’s judgment. A void order does not cloak the appellate court with jurisdiction to consider the merits of an appeal. See 
People v. Vasquez
, 339 Ill. App. 3d 546, 553 (2003). Because the circuit court had no jurisdiction to consider Flowers’ Rule 604(d) motion, the appellate court, in turn, had no authority to consider the merits of her appeal from the circuit court’s judgment denying her motion. The only matter properly before the appellate court was the circuit court’s lack of jurisdiction over Flowers’ untimely Rule 604(d) motion. Because the circuit court had no jurisdiction to entertain that motion, the appellate court should simply have vacated the circuit court’s judgment and dismissed Flowers’ appeal. See 
People v. Vasquez
, 339 Ill. App. 3d at 553. Because the appellate court went beyond the question of the circuit court’s lack of jurisdiction, its judgment cannot be sustained.

This conclusion renders unnecessary consideration of whether the appellate court was correct, on the merits, when it held that Flowers’ Rule 604(d) motion was not deficient for failing to include a request for withdrawal of her guilty plea. There is likewise no need to address the appellate court’s conclusion that the trial court erred when it included a restitution requirement in the sentence it imposed. A more difficult problem is presented by Flowers’ challenge to the portion of her sentence authorizing the Department of Corrections to withhold a portion of her prison income to pay court costs. Flowers argued that the cost-withholding portion of her sentence is void for two reasons: (1) the Unified Code of Corrections does not authorize entry of an order of withholding for the purpose of collecting court costs, and (2) the 50% requirement exceeds the maximum amount that can be withheld from a debtor’s wages under Illinois law. See 
People v. Despenza
, 318 Ill. App. 3d 1155 (2001).

A well-established principle of law holds that a void order may be attacked at any time or in any court, either directly or collaterally. See, 
e.g.
, 
Sarkissian v. Chicago Board of Education
, 201 Ill. 2d 95, 103 (2002). The appellate court relied on this principle to vacate the cost-withholding provision of the trial court’s judgment. We note, however, that there is a flaw in the appellate court’s reasoning. Although a void order may be attacked at any time, the issue of voidness must be raised in the context of a proceeding that is properly pending in the courts. If a court lacks jurisdiction, it cannot confer any relief, even from prior judgments that are void. The reason is obvious. Absent jurisdiction, an order directed at the void judgment would itself be void and of no effect.

Consistent with these principles, the appellate court is not vested with authority to consider the merits of a case merely because the dispute involves an order or judgment that is, or is alleged to be, void. See 
JoJan Corp. v. Brent
, 307 Ill. App. 3d 496, 504 (1999). While the appellate court may exercise significant powers on review of a criminal case (see 134 Ill. 2d R. 615(b)), it does not posses the same inherent supervisory authority conferred on our court by article VI, section 16, of the Illinois Constitution (Ill. Const. 1970, art. VI, §16). 
People v. Harvey
, 196 Ill. 2d 444, 453-54 (2001) (McMorrow, J., specially concurring, joined by Freeman, J.). Its power attaches only upon compliance with the rules governing appeals. See 
JoJan Corp. v. Brent
, 307 Ill. App. 3d at 504. Rule 604(d) is such a rule. As we have already established, strict compliance with that rule is a condition precedent to an appeal on the merits, absent circumstances not present here. 
In re William M.
, 206 Ill. 2d at 602-03. The requirements of the rule were plainly not met in this case. The appellate court therefore had no authority to intervene and vacate that portion of Flowers’ sentence authorizing 50% of her income to be withheld to pay court costs.

For the foregoing reasons, the judgments of the circuit and appellate courts are vacated and the cause is remanded to the circuit court with directions to dismiss these proceedings for lack of jurisdiction.

Judgments vacated;

cause remanded with directions.