No. 1-19-0988

Order filed October 23, 2020

Fifth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 16808 |
| | ) | |
| BRIAN SMITH, | ) | Honorable |
| | ) | Lawrence E. Flood, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**SUMMARY ORDER**

¶ 1    On March 19, 2019, pursuant to a negotiated plea agreement, defendant pleaded guilty to driving under the influence (DUI) in exchange for a sentence of 24 months' probation, 5 days' Sheriff's Work Alternative Program (SWAP), 10 hours of DUI risk education, 20 hours of substance abuse treatment, and $1,100 in fines and fees. Defendant did not file a postplea motion, but did file a notice of appeal on April 17, 2019. The State Appellate Defender was appointed to represent defendant.

¶ 2    Under *Anders v. California*, 386 U.S. 738 (1967), counsel has filed a motion requesting leave to withdraw based on the conclusion that an appeal in this case would lack arguable merit. Counsel filed a supporting brief, concluding that we should dismiss defendant's appeal because he did not file a motion to withdraw his guilty plea with the trial court as required by Illinois Supreme Court Rule 604(d). Counsel informed defendant of this conclusion. Copies of counsel's motion and brief were mailed to defendant and he was informed that he may file with this court a written explanation of why he thinks there are issues of merit in his appeal. Defendant has not responded.

¶ 3    To comply with *Anders*, we have carefully examined the record and counsel's motion and brief. From our review, we conclude that we must dismiss defendant's appeal.

¶ 4    Under Rule 604(d), before a defendant may appeal a judgment entered upon a guilty plea, the defendant must first file a written motion with the trial court within 30 days of the date the court imposed the sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017); *People v. Flowers*, 208 Ill. 2d 291, 300 (2003). Depending on the type of plea entered, the motion may request that the guilty plea be withdrawn and judgment vacated or it may seek reconsideration of the sentence. *Flowers*, 208 Ill. 2d at 300. Filing of a Rule 604(d) motion is a "condition precedent to an appeal from a judgment on a plea of guilty." *Id.* at 300-01. However, a defendant may be excused from failing to comply with Rule 604(d) if a trial court did not give proper admonishments under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) regarding the steps necessary to preserve the right to appeal following a negotiated guilty plea. *People v. Merriweather*, 2013 IL App (1st) 113789, ¶ 17.

¶ 5    Here, defendant did not file a postplea motion with the circuit court within 30 days of the date the court imposed its sentence. Therefore, we do not have authority to consider the merits of defendant's appeal, and we must dismiss it. *Flowers*, 208 Ill. 2d at 301-02; Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Furthermore, the record shows that the circuit court complied with Rule 605(c), as it properly admonished defendant of his right to appeal and the requirements he must follow to appeal, including that he had to file a written motion with the trial court within 30 days. Thus, defendant's failure to file a postplea motion as required by Rule 604(d) is not excused.

¶ 6    We therefore grant counsel's motion to withdraw as counsel and dismiss defendant's appeal. This order is entered in accordance with Supreme Court Rule 23(c)(2), (4) (eff. April 1, 2018).

¶ 7    Dismissed.