NOTICE

Decision filed 05/20/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231065-U

NO. 5-23-1065

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 22-CF-1571 |
| | ) | |
| ORLANDUIS LACEY JR., | ) | Honorable |
| | ) | Ronald R. Slemer, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Because the defendant did not file his motion to withdraw guilty plea within 30 days after sentencing, this court cannot consider the instant appeal on the merits, and therefore the defendant's appointed appellate attorney is granted leave to withdraw, and this appeal must be dismissed.

¶ 2    The defendant, Orlanduis Lacey Jr., pleaded guilty to escape and unlawful possession of a weapon by a felon, as well as a felony crime in a separate case, and was sentenced to imprisonment. Nearly four months after sentencing, the defendant filed a motion to withdraw plea. The circuit court noticed the motion's late filing and entered an order finding that it had lost jurisdiction over the case. In an attempt to appeal from that order, the defendant filed a notice of appeal, which was untimely. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal must be dismissed, due to a lack of jurisdiction. On that

1

basis, OSAD has filed a motion to withdraw as counsel and a supporting brief. See *Anders v. California*, 386 U.S. 738 (1967). OSAD properly served the defendant with a copy of its *Anders* motion and brief. This court granted the defendant an opportunity to file a *pro se* brief, memorandum, etc., showing cause why the judgment should not be affirmed or why OSAD should not be allowed to withdraw as counsel. However, the defendant has failed to file any type of response to OSAD's *Anders* motion. This court has thoroughly examined OSAD's *Anders* motion and brief, as well as the entire record on appeal. This court concludes that OSAD must be granted leave to withdraw as counsel, and that this appeal must be dismissed.

¶ 3                                                    BACKGROUND

¶ 4       In this case, the defendant was charged with escape (720 ILCS 5/31-6(c) (West 2022)), two counts of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)), and resisting a peace officer (720 ILCS 5/31-1(a) (West 2022)).

¶ 5       On April 28, 2023, the defendant, his private attorney, and an assistant State's attorney appeared in court. The attorneys informed the judge that the parties had negotiated an agreement that encompassed four Madison County criminal cases—the instant case (No. 22-CF-1571) and case numbers 20-CF-3125, 20-CF-2843, and 21-CF-572. They described the agreement's terms. In the instant case, the defendant would plead guilty to escape and unlawful possession of a weapon by a felon; he would be sentenced to 12½ years of imprisonment for each offense, at a truth-in-sentencing rate of 50%, with the two sentences to run concurrently. In case number 20-CF-3125, the defendant would plead guilty to aggravated domestic battery; he would be sentenced to three years of imprisonment, at a truth-in-sentencing rate of 85%, with the sentence to run consecutively with the two sentences imposed in case number 22-CF-1571. In case number 21-CF-572, the felony crime would be amended to a Class A misdemeanor; the defendant would be sentenced to

2

time served. In case number 20-CF-2843, the charge (or charges) would be dismissed. (The two latter cases—case numbers 21-CF-572 and 20-CF-2843—were not mentioned again during the plea hearing.)

¶ 6    The judge then questioned the defendant. Responding to the judge's queries, the defendant stated that he was 26 years old, had a GED, understood English, was not under the influence of alcohol or drugs, had been in jail for five or six months, and understood the parties' negotiations.

¶ 7    The judge admonished the defendant that under the negotiated agreement, he would plead guilty in case number 20-CF-3125 to aggravated domestic battery, and the judge described the conduct alleged in that count. The defendant indicated his understanding of that charge and his desire to plead guilty to it. Next, the judge admonished the defendant that in the instant case, *i.e.*, in No. 22-CF-1571, he was charged with escape and unlawful possession of a weapon by a felon, respectively, and the judge described the conduct alleged in those counts. The defendant indicated his understanding of those two charges.

¶ 8    The judge admonished the defendant that he had a right to plead guilty or not guilty, that he had a right to a trial, whether jury or non-jury, and that by pleading guilty, there would be no trial, that the State had the burden of proving guilt beyond a reasonable doubt and that he, the defendant, had the presumption of innocence, that he had a right to testify or not testify, that he had a right to subpoena and cross-examine witnesses, and that he had a right to an attorney. The defendant indicated that he understood all of these rights and concepts.

¶ 9    The judge then explained the possible sentences for aggravated domestic battery, as it was charged in case number 20-CF-3125, and for escape and unlawful possession of a weapon by a felon, as they were charged in case number 22-CF-1571. These possible sentences included the possible terms of imprisonment under statute, the terms of mandatory supervised release (MSR),

3

and monetary fines. The defendant indicated his understanding of the possible sentences under law. The judge also reviewed the specific, agreed-upon sentences for those three offenses, including the appropriate truth-in-sentencing rates—85% for aggravated domestic battery, 50% for escape and unlawful possession of a weapon by a felon. The defendant indicated his understanding of the agreed-upon sentences. The State provided factual bases for these pleas, and defense counsel stipulated that the evidence would be as the State had recounted.

¶ 10    The defendant entered pleas of guilty as to each of the three counts, *i.e.*, aggravated domestic battery, escape, and unlawful possession of a weapon by a felon. In response to the court's queries, the defendant indicated that no one had forced him or threatened him to plead guilty and that no one had promised him anything, apart from the negotiations, to persuade him to plead guilty, and that he was pleading guilty freely and voluntarily. The judge said that he would bind himself to the negotiations and impose the negotiated sentences, as previously described. The judge found that the defendant understood the charges and the penalties that he faced, understood his rights, and that he "freely, voluntarily, and knowingly" waived his rights and entered pleas of guilty. The judge also found sufficient factual bases for the pleas. The parties waived preparation of a presentence investigation report, stating that the defendant's criminal history was accurately stated in the record. The judge accepted the defendant's guilty pleas and entered judgment thereon. In response to the judge's queries, the defendant indicated that he did not have any questions about his sentences and that he did not have any questions to ask his attorney. Finally, the judge fully admonished the defendant about his right to appeal under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), including the necessity of filing in the circuit court a written motion to withdraw the guilty plea "within 30 days of today's date" and the necessity of including in that motion all of the issues or claims of error, and the judge also described the consequences of having the motion

4

granted, including the vacation of the imposed sentences, the reinstatement of any dismissed charges, and the setting of trial.

¶ 11    Immediately after the appeal admonishment, the defendant requested a 30-day furlough. After some discussion, the court granted his request. So ended the guilty-plea hearing and sentencing.

¶ 12    In a written order entered on the same day as the plea and sentencing, the circuit court ordered that the defendant was to be released from the county jail on May 1, 2023, and that the defendant was to turn himself in to the county sheriff on May 30, 2023, at 9 a.m. The court also entered a written order sentencing the defendant, as agreed, to 12½ years for escape and 12½ years for unlawful possession of a weapon by a felon, with the sentences to run concurrently with one another, but consecutive to the 3-year sentence imposed in case number 20-CF-3125, to be followed by the statutorily-mandated term of MSR. The written order also noted the defendant's 30-day furlough.

¶ 13    Apparently, the furlough ended as the court had hoped. The defendant reported to the jail as instructed, and he was sent to the Department of Corrections to begin serving his sentences.

¶ 14    On August 22, 2023, the defendant placed into the prison mail system a motion to withdraw his guilty pleas and vacate the sentences. On August 28, 2023, the motion was file-stamped by the clerk of the circuit court. For his motion, the defendant used a preprinted form with the blanks filled in. The motion's gravamen appeared in a hand-written paragraph that addressed both the timing of the motion's filing and the grounds for withdrawing the pleas. This paragraph read, in its entirety, as follows:

   "I was unable to file my motion within the 30[-]day deadline [d]ue to not having ac[c]ess to a library. I left Madison [C]ounty 6/19/22, an[d] [d]ue to my escape I was in

5

Seg[regation] while at [G]raham I filed as soon as I could. First reason I would like to withdraw my guilty [p]lea is, I wasn[']t credited for none of the time I served when I got my 22-CF-1571 on 6/18/22. Also they told me in my plea they was gone [*sic*] run my 3 at 85% case first which it wasn[']t [*sic*]. They [a]lso extended term my possession case which was 3 to 7 they gave me 12½ yrs. Lastly I felt forced I had just hired my [l]awyer 1 month before they set a trial date, I haven[']t even got a[n] offer yet or went over my motion of [d]iscovery, I was treated unfairly."

¶ 15    On September 5, 2023, the circuit court entered a written order that ruled on the defendant's motion to withdraw his pleas. The order noted the date of the defendant's pleas of guilty, which was April 28, 2023, and the date on which the circuit clerk had file-stamped the motion to withdraw pleas, which was on August 28, 2023. The order then concluded, "The court has no jurisdiction."

¶ 16    Fifty-five days after the court's order was entered—that is, on October 30, 2023—the clerk file-stamped the defendant's notice of appeal. (Nothing in the record indicates the date the defendant placed the notice of appeal into the prison mail system.)

¶ 17                                    ANALYSIS

¶ 18    The defendant is attempting to appeal from the circuit court's order finding that it lacked jurisdiction over his motion to withdraw his guilty pleas. As previously noted, the defendant's appointed counsel on appeal, OSAD, has filed an *Anders* motion to withdraw as counsel, on the basis that this court lacks jurisdiction and this appeal must be dismissed. The defendant has not filed any type of response.

¶ 19    As to whether this court has jurisdiction to consider the merits of the defendant's appeal, that is a legal question subject to *de novo* review. *People v. Salem*, 2016 IL 11693, ¶ 11.

6

¶ 20 On April 28, 2023, the defendant pleaded guilty pursuant to a fully negotiated plea agreement with the State, and he was sentenced. On August 22, 2023—nearly four months after sentencing—he mailed to the clerk of the circuit court his motion to withdraw the guilty plea. A motion to withdraw guilty plea must be filed within 30 days after sentencing. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Since the defendant failed to file his motion within 30 days, the circuit court had lost jurisdiction to rule on that motion, just as the circuit court found in the order that it entered on September 5, 2023. See *People v. Flowers*, 208 Ill. 2d 291, 303 (2003) (where a defendant files his postplea motion more than 30 days after sentence is imposed, the circuit court is divested of jurisdiction). Compliance with Rule 604(d)'s time requirement is also a condition precedent to an appeal; if a defendant fails to meet this requirement, the appeal must be dismissed. *Flowers*, 208 Ill. 2d at 300-01 (failure to file a timely Rule 604(d) motion precludes a court of review from considering the appeal on the merits). Accordingly, this court cannot consider this appeal on the merits. Regardless of what else can be said about the defendant and this appeal—such as his failure to file the notice of appeal within 30 days after the final judgment was entered on September 5, 2023 (see Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021))—his instant appeal must be dismissed.

¶ 21                                   CONCLUSION

¶ 22 For the foregoing reasons, OSAD's motion for leave to withdraw as counsel is granted, and the instant appeal is dismissed.


¶ 23 Motion granted; appeal dismissed.

7