NOTICE

Decision filed 05/24/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231064-U

NO. 5-23-1064

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 20-CF-3125 |
| | ) | |
| ORLANDUIS LACEY JR., | ) | Honorable |
| | ) | Ronald R. Slemer, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where the defendant failed to file his motion to withdraw guilty pleas within 30 days after sentencing, this court cannot consider the instant appeal on the merits, and therefore the defendant's appointed appellate counsel is granted leave to withdraw, and this appeal must be dismissed.

¶ 2    The defendant, Orlanduis Lacey Jr., pleaded guilty to aggravated domestic battery, as well as two other felony crimes in a separate case, and he was sentenced to imprisonment on all three. Nearly four months after his sentencing, the defendant filed a motion to withdraw pleas. The circuit court noted the motion's filing date, which was more than 30 days after sentencing, and entered an order finding that it had lost jurisdiction over the case. In an attempt to appeal from that order, the defendant filed a notice of appeal, which was also untimely. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this

1

appeal must be dismissed, due to a lack of jurisdiction. On that basis, OSAD has filed a motion to withdraw as counsel and a supporting brief. See *Anders v. California*, 386 U.S. 738 (1967). OSAD properly served the defendant with a copy of its *Anders* motion and brief. This court granted the defendant an opportunity to file a *pro se* brief, memorandum, etc., showing cause why the judgment should not be affirmed or why OSAD should not be allowed to withdraw as counsel. However, the defendant has failed to file any type of response to OSAD's motion. This court has thoroughly examined OSAD's *Anders* motion and brief, as well as the entire record on appeal. This court concludes that OSAD must be granted leave to withdraw as counsel, and that this appeal must be dismissed.

¶ 3                              BACKGROUND

¶ 4      In December 2020, the defendant was charged with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2020)), a Class 2 felony, and domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2020)), a Class A misdemeanor.

¶ 5      On April 28, 2023, the defendant, his private attorney, and an assistant State's attorney appeared in the circuit court. The attorneys informed the judge that the parties had reached an agreement encompassing four Madison County cases—the instant case (case No. 20-CF-3125) and case Nos. 22-CF-1571, 20-CF-2843, and 21-CF-572. They described the terms of the agreement as follows. In the instant case, the defendant would plead guilty to aggravated domestic battery, and he would be sentenced to three years of imprisonment, at a truth-in-sentencing rate of 85%. In case No. 22-CF-1571, the defendant would plead guilty to escape and to unlawful possession of a weapon by a felon, and he would be sentenced to 12½ years of imprisonment on each of those two counts, at a truth-in-sentencing rate of 50%, with the two sentences to be concurrent with one another but consecutive to the term of imprisonment in the instant case. Finally, in case No. 21-

CF-572, a felony crime would be amended to a Class A misdemeanor, and the defendant would plead guilty to that misdemeanor and would be sentenced to time served, while in case No. 20-CF-2843, the charge or charges would be dismissed. (These two latter cases were not mentioned again during the plea hearing. They will not be mentioned again in this order.)

¶ 6      The judge then questioned the defendant. In response, he stated that he was 26 years old, had a GED, understood English, was not under the influence of alcohol or drugs, had been in jail for five or six months, and understood the parties' negotiations.

¶ 7      The judge admonished the defendant that under the negotiated agreement, he would plead guilty in the instant case to aggravated domestic battery, and the judge described the specific conduct alleged in that count. The defendant indicated his understanding of that charge and his desire to plead guilty to it. The judge also admonished the defendant that in case No. 22-CF-1571, he was charged with escape and unlawful possession of a weapon by a felon, respectively, and the judge described the specific conduct alleged in those two counts. The defendant indicated his understanding of those two charges, too.

¶ 8      The judge further admonished the defendant that he had a right to plead guilty or not guilty; that he had a right to a trial, whether jury or non-jury; and that by pleading guilty, there would be no trial. The judge admonished him that the State had the burden of proving his guilt beyond a reasonable doubt, that he had the presumption of innocence, that he had a right to testify or not testify, that he had a right to subpoena and cross-examine witnesses, and that he had a right to an attorney. The defendant indicated that he understood all of these rights and concepts.

¶ 9      The judge then explained the possible sentences for aggravated domestic battery, as it was charged in the instant case, and for escape and unlawful possession of a weapon by a felon, as they were charged in case No. 22-CF-1571. These possible sentences included the possible terms of

3

imprisonment under statute, the terms of mandatory supervised release (MSR), and monetary fines. The defendant indicated his understanding of the possible sentences under law. The judge also reviewed the specific, agreed-upon sentences for those three offenses, including the appropriate truth-in-sentencing rates—85% for aggravated domestic battery, 50% for escape and unlawful possession of a weapon by a felon. The defendant indicated his understanding of the agreed-upon sentences. The State supplied factual bases for all of these pleas. Defense counsel stipulated that the evidence would be as the State had recounted.

¶ 10    The defendant entered pleas of guilty to all three counts, *i.e.*, aggravated domestic battery, escape, and unlawful possession of a weapon by a felon. In response to the court's queries, the defendant indicated that no one had forced him or threatened him to plead guilty and that no one had promised him anything, apart from the negotiations, to persuade him to plead guilty, and that he was pleading guilty freely and voluntarily. The judge said that he would bind himself to the negotiations and impose the negotiated sentences, as previously described.

¶ 11    The judge found that the defendant understood the charges against him, the penalties that he faced, including the consecutive nature of sentencing, and his rights. See Ill. S. Ct. R. 402(a) (eff. July 1, 2012). He also found that the defendant "freely, voluntarily, and knowingly" waived his rights and entered pleas of guilty. See Ill. S. Ct. R. 402(b) (eff. July 1, 2012). Also, the judge found sufficient factual bases for those pleas. See Ill. S. Ct. R. 402(c) (eff. July 1, 2012). The parties waived preparation of a presentence investigation report, stating that the defendant's criminal history was accurately stated in the record. His history included a 2014 conviction in Madison County for the Class 1 felony of residential burglary.

¶ 12　The judge accepted the defendant's guilty pleas and entered judgment thereon. In response to the judge's queries, the defendant indicated that he did not have any questions about his sentences and that he did not have any questions for his attorney.

¶ 13　Finally, the judge fully admonished the defendant about his right to appeal. See Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). These admonishments included informing him of the need to file, in the circuit court, a written motion to withdraw his pleas "within 30 days of today's date," and of the need to include in that motion all of the issues or claims of error that he wished to raise, or else they would be waived. The judge also described the consequences of having the motion granted, including vacatur of the imposed sentences and the reinstatement of any dismissed charges.

¶ 14　Immediately after the appeal admonishment, the defendant requested a 30-day furlough. Over the State's objection, the court granted the furlough. So ended the guilty-plea hearing and sentencing of April 28, 2023.

¶ 15　In a written order also entered on April 28, 2023, the circuit court ordered that the defendant was to be released from the county jail on May 1, 2023, and that the defendant was to turn himself in to the county sheriff on May 30, 2023, at 9 a.m. The court also entered a written sentencing order, sentencing the defendant (as agreed) to 3 years of imprisonment for aggravated domestic battery in the instant case, and 12½ years of imprisonment for both escape and unlawful possession of a weapon by a felon, with the 12½-year sentences concurrent with one another but consecutive to the 3-year sentence for aggravated domestic battery, all to be followed by the statutorily-mandated term of MSR. The written order also noted the defendant's 30-day furlough.

¶ 16　An order entered by the court on June 5, 2023, stated that the defendant had reported to the jail (apparently on the appointed date, at the appointed time). It ordered that he be transferred to the Illinois Department of Corrections immediately.

5

¶ 17    On August 22, 2023, the defendant placed into the prison mail system a motion to withdraw his guilty pleas and vacate the sentences. On August 28, 2023, the motion was file-stamped by the clerk of the circuit court. For his motion, the defendant used a preprinted form with the blanks filled in. The motion's gravamen appeared in a hand-written paragraph that addressed both the timing of the motion's filing and the grounds for withdrawing the pleas. This paragraph read, in its entirety, as follows:

"I was unable to file my motion within the 30[-]day deadline [d]ue to not having ac[c]ess to a library. I left Madison [C]ounty 6/19/22, an[d] [d]ue to my escape I was in Seg[regation] while at [G]raham I filed as soon as I could. First reason I would like to withdraw my guilty [p]lea is, I wasn[']t credited for none of the time I served when I got my 22-CF-1571 on 6/18/22. Also they told me in my plea they was gone [*sic*] run my 3 at 85% case first which it wasn[']t [*sic*]. They [a]lso extended term my possession case which was 3 to 7 they gave me 12½ yrs. Lastly I felt forced I had just hired my [l]awyer 1 month before they set a trial date, I haven[']t even got a[n] offer yet or went over my motion of [d]iscovery, I was treated unfairly."

¶ 18    On September 5, 2023, the circuit court entered a short, written order that ruled on the defendant's motion to withdraw his pleas. The order noted the date that the defendant had pleaded guilty, which was April 28, 2023, and the date on which the circuit clerk had file-stamped the motion to withdraw pleas, which was August 28, 2023. The order then concluded, "The court has no jurisdiction."

¶ 19    Fifty-five days after the court's order was entered—that is, on October 30, 2023—the clerk file-stamped the defendant's notice of appeal. (Nothing in the record indicates the date the defendant placed the notice of appeal into the prison mail system.)

¶ 21    The defendant is attempting to appeal from the circuit court's order finding that it lacked jurisdiction over his motion to withdraw his guilty pleas. As previously noted, the defendant's appointed counsel on appeal, OSAD, has filed an *Anders* motion to withdraw as counsel, on the basis that this court lacks jurisdiction and therefore this appeal must be dismissed. The defendant has not filed any type of response to OSAD's *Anders* motion.

¶ 22    The question of whether this court has jurisdiction to consider the merits of a defendant's appeal is a legal question, subject to *de novo* review. *People v. Salem*, 2016 IL 11693, ¶ 11.

¶ 23    On April 28, 2023, the defendant, pursuant to a fully negotiated plea agreement with the State, pleaded guilty to three counts in the instant case and in case No. 22-CF-1571. That same day, he was duly sentenced to imprisonment. On August 22, 2023—nearly four months after sentencing—he mailed to the clerk of the circuit court his motion to withdraw his guilty pleas. A motion to withdraw a guilty plea must be filed within 30 days after sentencing. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Since the defendant failed to file his motion within the 30-day timeframe, the circuit court had lost jurisdiction to rule on that motion, just as the circuit court stated in its dispositive order entered on September 5, 2023. See *People v. Flowers*, 208 Ill. 2d 291, 303 (2003) (where a defendant files his postplea motion more than 30 days after sentence is imposed, the circuit court is divested of jurisdiction). Compliance with Rule 604(d)'s time requirement is also a condition precedent to an appeal; if a defendant fails to meet this requirement, the appeal must be dismissed. *Flowers*, 208 Ill. 2d at 300-01 (failure to file a timely Rule 604(d) motion precludes a court of review from considering the appeal on the merits). Accordingly, this court cannot consider this appeal on the merits. Regardless of what else can be said about the defendant and this appeal—*e.g.*, his failure to file the notice of appeal within 30 days after the final judgment was

entered on September 5, 2023 (see Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021))—his instant appeal must be dismissed.

¶ 24                                        CONCLUSION

¶ 25    For the reasons stated above, OSAD's motion for leave to withdraw as counsel is granted, and the instant appeal is dismissed.


¶ 26    Motion granted; appeal dismissed.