NOTICE
Decision filed 10/03/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240187-U

NO. 5-24-0187

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 23-CF-11 |
| | ) | |
| CODEY C. INCE, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Presiding Justice Vaughan and Justice Sholar concurred in the judgment.

**ORDER**

¶ 1　*Held*: The circuit court's dismissal of defendant's postconviction petition was both substantively and procedurally proper. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2　Defendant, Codey C. Ince, appeals the circuit court's order summarily dismissing his postconviction petition. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concludes there is no reasonably meritorious argument that the circuit court erred in dismissing the petition. Accordingly, it has filed a motion for leave to withdraw as counsel on appeal and supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion. This court has provided him an opportunity to respond, but he has not done so. After considering the record on appeal and OSAD's motion and supporting

1

memorandum, we agree that there is no issue that can support an appeal. Accordingly, we grant OSAD leave to withdraw and affirm the trial court's judgment.

¶ 3                                    BACKGROUND

¶ 4      Defendant was charged with armed violence, being an armed habitual criminal, and possession of methamphetamine. He agreed to plead guilty to armed violence in exchange for an 18-year prison term and the dismissal of the remaining charges.

¶ 5      At the guilty plea hearing, the court admonished defendant about the charges, the possible penalties, and the rights he was giving up by pleading guilty. The State provided a factual basis, explaining that if the case had gone to trial, the evidence would have shown that defendant was a passenger in a car that the police stopped after an informant reported that defendant was in her home with a gun and methamphetamine. Police arrested defendant. Later, staff at the jail found suspected drugs while processing defendant's clothing.

¶ 6      The crime lab confirmed the substance in question was between 5 and 15 grams of methamphetamine. Police searching the car in which defendant was riding found an operable .25-caliber Beretta handgun between the center console and the driver's seat. The car's driver denied knowing about the gun. A DNA analyst would testify that "there was a very strong probability" that defendant had been in contact with the Beretta.

¶ 7      The defense stipulated to the factual basis. Defendant assured the court that he had had sufficient time to consult with his attorney and did not require more time. The court accepted the guilty plea, finding it knowing and voluntary.

¶ 8      Defendant did not file a postplea motion or a direct appeal. Instead, on October 24, 2023, he filed a "motion" pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). In it, he alleged that his guilty plea was involuntary due to the ineffective assistance

2

of plea counsel. He alleged three specific ways in which counsel was ineffective. He contended that counsel, despite repeated requests, failed to argue that detective Troy Hails knowingly misled the grand jury by falsely testifying that he recovered a glass vial containing suspected methamphetamine from defendant at the scene of the arrest. Further, counsel ignored defendant's repeated requests to obtain traffic camera footage from the vicinity of the traffic stop. Finally, defendant contended that, due to "another extraordinary commitment, counsel lack[ed] the time necessary to represent the defendant."

¶ 9 The circuit court, noting that defendant's filing should have been characterized as a "petition," dismissed it. The court found that defendant had not filed a postplea motion or a notice of appeal and that, in any event, the petition was frivolous and patently without merit, failing to allege a substantial constitutional violation. Defendant timely appealed.

¶ 10                                                    ANALYSIS

¶ 11 OSAD concludes that there is no reasonably meritorious argument that the circuit court erred either substantively or procedurally in dismissing defendant's petition. We agree.

¶ 12 The Act provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1(a) (West 2022); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2022). The circuit court may summarily dismiss a petition that is frivolous and patently without merit. *Id.* § 122-2.1(a)(2). A petition is frivolous or patently without merit if it lacks an arguable basis in either fact or law. *People v. Hodges*, 234 Ill. 2d 1, 16 (2009).

3

¶ 13    Defendant alleged that plea counsel was ineffective. " 'To establish that a defendant was deprived of effective assistance of counsel, [he] must establish both that his attorney's performance was deficient and that the defendant suffered prejudice as a result.' " *People v. Manning*, 227 Ill. 2d 403, 412 (2008) (quoting *People v. Pugh*, 157 Ill. 2d 1, 14 (1993)). Generally, a voluntary guilty plea waives all nonjurisdictional defenses and defects. *People v. Horton*, 143 Ill. 2d 11, 22 (1991). Thus, to establish ineffective assistance in the context of a guilty plea, a defendant must show that his attorney's substandard performance rendered his plea involuntary, in other words, that there is a reasonable probability that, absent counsel's errors, the defendant would have pleaded not guilty and insisted on going to trial. *People v. Hall*, 217 Ill. 2d 324, 335 (2005). A bare allegation that the defendant would have pleaded not guilty and insisted on a trial if counsel had not been deficient is not enough to establish prejudice. *Id.* Rather, the claim must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial. *Id.* at 335-36.

¶ 14    OSAD notes that defendant did not even make the bare allegation that, absent counsel's allegedly substandard performance, he would have rejected the plea agreement and insisted on a trial, much less articulate a plausible defense that could have been used at a trial. Even if we were to assume the missing allegation that defendant would have insisted on going to trial, after examining each of defendant's claims individually, we agree that none would have provided a plausible defense that would have made it rational to reject the plea offer and go to trial.

¶ 15    Defendant first claimed that counsel neglected to raise the issue of allegedly false testimony before the grand jury. He alleged that detective Troy Hails "falsely" testified that, upon searching defendant at the scene, he found in defendant's pocket a glass vial containing a small amount of methamphetamine. Hails added that he was later advised that a corrections officer, upon searching

4

defendant at the jail, found additional methamphetamine on his person. Other than a transcript of the grand jury proceeding and a copy of his conviction, defendant did not attach any documents to his petition. He thus offers no evidence that Hails' statement about finding the glass vial was false. Indeed, defendant does not even explain why he believed it was false.

¶ 16    In its *Finley* motion, OSAD seems to assume that defendant believed the testimony was false because, in recounting the factual basis at the plea hearing, the prosecutor did not specifically refer to the glass vial but referenced only the drugs found later at the jail. This does not even suggest, much less prove, that Hails' testimony before the grand jury was false.

¶ 17    To establish a factual basis for a guilty plea, "[a]ll that is required to appear on the record is a basis from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty." *People v. Barker*, 83 Ill. 2d 319, 327-28 (1980). In doing so, the prosecution need not present all the evidence it possesses. *In re C.K.G.*, 292 Ill. App. 3d 370, 376 (1997). Thus, the prosecutor's failure to mention the glass vial recovered from defendant during the traffic stop does not mean that it did not exist.

¶ 18    In any event, a defendant generally may not challenge an indictment on the basis that the evidence was insufficient. However, a defendant may challenge an indictment that is procured through prosecutorial misconduct. *People v. Wright*, 2017 IL 119561, ¶ 61. The State may violate a defendant's due process rights if it deliberately misleads the grand jury, uses known perjured or false testimony, or presents other deceptive or inaccurate evidence. *Id.* ¶ 62. To warrant dismissal of the indictment, a defendant must show that the State's deceptive conduct prevented the grand jury from returning a meaningful indictment. *Id.* Defendant cannot make the requisite showing here. Hails' reference to the methamphetamine found at the jail provided probable cause for the

5

grand jury to indict defendant even without reference to the earlier discovery of drugs during the traffic stop.

¶ 19    Defendant's second contention was that counsel did not heed his request to obtain "traffic cam" footage from the scene. This claim consists of pure speculation. Defendant offers no evidence to suggest that such footage even exists, much less that it would contain anything exculpatory.

¶ 20    Courts require a defendant claiming a failure to investigate to allege with some specificity what the hypothetical investigation could have revealed. *People v. Thackrey*, 2024 IL App (5th) 230087-U, ¶ 23. A "defendant cannot rely on speculation or conjecture to justify his claim of incompetent representation." (Internal quotation marks omitted.) *People v. Clarke*, 391 Ill. App. 3d 596, 614 (2009) (quoting *People v. Deleon*, 227 Ill. 2d 322, 337 (2008)).

¶ 21    Defendant did not explain at all his third contention, that due to another "extraordinary commitment," counsel lacked sufficient time to devote to defendant's case. See *People v. Coleman*, 183 Ill. 2d 366, 381 (1998) (nonfactual and nonspecific assertions which merely amount to conclusions are not sufficient to require a hearing under the Act). Here, defendant did not detail the nature of counsel's alleged "extraordinary commitment" or explain how it impeded his ability to handle defendant's case. Moreover, defendant assured the court at the plea hearing that he had had sufficient time to at least consult with counsel, and he did not indicate at that time that counsel was not devoting sufficient time to the case.

¶ 22    OSAD further concludes that there is no meritorious argument that the circuit court committed procedural error in dismissing defendant's petition. Counsel first observes that the court "recharacterized" defendant's "motion" as a "petition" but concludes that this was insignificant. The Act provides that a request for relief is a "petition." 725 ILCS 5/122-1(b) (West 2022). Although defendant labeled his filing a "motion," it expressly invoked the Act. Thus, the court

6

merely changed the terminology to comport with the Act, but apparently considered the filing as defendant intended. See *Wabash County v. Illinois Municipal Retirement Fund*, 408 Ill. App. 3d 924, 932 (2011) (a pleading's substance and not its title determines its character).

¶ 23    OSAD further notes that the court dismissed the petition in part because defendant had not filed a postplea motion or a direct appeal. Counsel argues that this was incorrect, as a defendant is not required to file a motion to withdraw guilty plea or a direct appeal before filing a postconviction petition. See *People v. Flowers*, 208 Ill. 2d 291, 301 (2003). Counsel concludes, however, that the error was harmless given that the court also dismissed the petition on the proper ground that it was frivolous and patently without merit due to its failure to allege a substantial constitutional violation. See 725 ILCS 5/122-2.1(a)(2) (West 2022).

¶ 24    Finally, OSAD concludes that the circuit court's dismissal was timely. The court must either dismiss the petition in a written order or docket it for second-stage proceedings within 90 days from the date it is filed. *Id.* Here, defendant's petition was filed October 24, 2023. The court dismissed it on January 8, 2024, 76 days after it was filed. Thus, there is no meritorious argument that the court did not timely dismiss the petition.

¶ 25                                    CONCLUSION

¶ 26    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 27    Motion granted; judgment affirmed.