NOTICE

Decision filed 05/23/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240680-U

NO. 5-24-0680

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Franklin County. |
| | ) | |
| v. | ) | No. 23-CF-358 |
| | ) | |
| JOSEPH D. GOUGE, | ) | Honorable |
| | ) | Thomas J. Tedeschi, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in entering judgment against the defendant following his guilty plea. There is no arguable basis for challenging the underlying judgment where the defendant was properly admonished pursuant to Illinois Supreme Court Rule 605(b) and failed to file a postplea motion. An ineffective assistance of counsel claim is not justiciable at this time, where no postconviction petition has been filed. As any arguments to the contrary would lack merit, we grant the defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant Joseph Gouge pled guilty to one count of burglary. He was sentenced to six years in the Illinois Department of Corrections (IDOC), followed by one year of mandatory supervised release (MSR). This appeal followed. Gouge's appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial

1

merit. On that basis, OSAD has filed a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), along with a memorandum of law in support of that motion.

¶ 3    This court has examined OSAD's *Anders* motion and the accompanying memorandum of law, Gouge's response to OSAD's motion, and the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 4                                              BACKGROUND

¶ 5    On September 18, 2023, the State charged Gouge with one count of Class 2 burglary for breaking into a building in Christopher, Illinois, with the intent to commit a theft. A public defender was appointed to represent Gouge. Gouge entered an open plea of guilty to the burglary charge on November 30, 2023.

¶ 6                                           A. Plea Hearing

¶ 7    At the beginning of the plea hearing, the court gave several admonishments to a group of defendants, including Gouge. These admonishments included: (1) their right to counsel and the appointment of counsel if they could not afford an attorney, as well as their right to represent themselves; (2) their right to a trial by jury, at which the State would bear the burden of proving their guilt beyond a reasonable doubt and they would have the right to testify, remain silent, confront and cross-examine witnesses, and call witnesses on their behalf; and (3) their right to plead not guilty, or to plead guilty and waive all that is included in their trial rights. Ill. S. Ct. R. 402(a)(3), (4) (eff. July 1, 2012).

¶ 8    During his plea, the court also informed Gouge of the remaining Rule 402(a) admonishments. It explained the nature of the charge against him—that he was charged with Class 2 burglary for knowingly and without authority entering the building in question with the intent to

2

commit a theft on September 16, 2023. Ill. S. Ct. R. 402(a)(1) (eff. July 1, 2012). The court informed him that the sentencing range for a Class 2 felony offense was between 3 to 7 years in the IDOC, followed by a term of MSR of up to 1 year; if he were eligible for an extended term sentence, the range would be from 7 to 14 years in the IDOC and up to 1 year of MSR. Ill. S. Ct. R. 402(a)(2) (eff. July 1, 2012). The court also explained the other possible penalties for a Class 2 felony. Gouge confirmed that he understood the nature of the charge and the possible sentencing ranges.

¶ 9　As part of the plea, the State agreed to drop a separate misdemeanor charge against Gouge and said he would be released pending sentencing with requirements to submit to drug testing and avoid any contact with the owners of the building he burglarized. Gouge also stated that no one had threatened him or made him any promises beyond the terms of the agreement in exchange for his plea, and he was entering the plea freely and voluntarily.

¶ 10　The State provided its factual basis. If the matter proceeded to trial, the State would call Officer Andrew Trogolo of Christopher Police Department, who would testify that on September 16, 2023, he was dispatched to 106 South Victor Street in Christopher, Illinois, in response to a possible burglary. When he arrived, he spoke with Stephen Makowan Jr., who told Trogolo that he was familiar with Gouge, and had seen Gouge leaving his father's storage building located at 106 Victor Street with a tote full of property from inside the building. Makowan stopped Gouge, and Gouge abandoned the items in the alleyway. Makowan then walked Gouge to central dispatch to await law enforcement.

¶ 11　Trogolo further testified that he was able to locate the abandoned tote where Makowan said it would be. Stephen Makowan Sr., who owned the building at 106 South Victor, arrived and

3

identified the contents as belonging to him and having been removed from inside the building. The items totaled approximately $50 in value.

¶ 12    Gouge was read his *Miranda* rights. When he was interviewed, he said he had entered the building because he believed he heard a rumor that two of his friends were trapped inside the building at that time. No one else was found to be inside the building.

¶ 13    The court repeated to Gouge that if he entered an open guilty plea, his sentence would be entirely up to the court and could be anything within the Class 2 penalty range of three to seven years. Gouge insisted that he understood and wanted to proceed with his guilty plea. The court found that a factual basis existed to support the allegations for the Class 2 felony burglary charge, and that the plea was knowing and voluntary. The court accepted Gouge's guilty plea and entered judgment.

¶ 14                                B. Sentencing

¶ 15    The presentence investigation catalogued a criminal history of five misdemeanor and seven felony convictions going back to 2008, mostly related to drugs or theft, as well as an aggravated assault of an officer in 2022 and an aggravated battery of a senior citizen in 2023. Gouge committed the most recent few felonies while on probation for prior felonies.

¶ 16    The circuit court held a sentencing hearing on May 23, 2024. The State sought a six-year sentence, and defense counsel sought either probation or the Class 2 minimum of three years. The court found that Gouge was a lifelong criminal who had repeatedly committed felonies while on probation from previous offenses, and he was not likely to comply with another period of probation. As factors in aggravation, the court found that the sentence was necessary to deter others; Gouge's history of criminality or delinquency; and the need to protect the public. The court also stated that probation would depreciate the seriousness of Gouge's conduct, it would be

4

inconsistent with the ends of justice, and Gouge would be highly unlikely to comply with the terms of probation based on his criminal history. The court found no factors in mitigation.

¶ 17    The court admonished Gouge pursuant to Illinois Supreme Court Rule 605 (eff. Apr. 15, 2024) regarding his right to appeal and the steps required to exercise that right. Although Gouge said he understood them, he then asked, "So I have to write you a letter to appeal it, or could I appeal it today while I'm here?" The court said it would give him a written copy of his appeal rights. Gouge explained that he had taken the open plea to get out of jail, without expecting that he would actually receive a prison sentence. Having been sentenced to prison, Gouge said he "would definitely like to appeal this."

¶ 18                                          ANALYSIS

¶ 19    OSAD argues that the circuit court properly entered judgment against Gouge, and that there are no meritorious arguments to the contrary. In the memorandum supporting its *Anders* motion to withdraw as counsel, OSAD states that it considered raising three potential issues on appeal:

> (1) Whether we are precluded from considering this appeal on the merits, where Gouge did not file a motion to withdraw his guilty plea or to reconsider his sentence before filing a notice of appeal;

> (2) Whether any errors in the circuit court's admonishments would excuse Gouge's failure to file a postplea motion; and

> (3) Whether any claim of ineffective assistance of trial counsel would be justiciable at this time.

OSAD has determined that these issues would be without arguable merit, and the court's judgment was therefore proper. As we agree with counsel's assessment, we grant OSAD leave to withdraw.

¶ 20              A. Compliance With Illinois Supreme Court Rule 604(d)

¶ 21    Illinois Supreme Court Rule 604(d) sets forth the procedures that a defendant must follow to appeal from a judgment entered on a guilty plea. The rule states that no appeal shall be taken

5

"unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

¶ 22 The timely filing of a Rule 604(d) motion "is a condition precedent to an appeal from a judgment on a plea of guilty." *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003). Without this, we are generally precluded from considering the appeal on its merits and must dismiss the appeal. *Id.* The question of whether a defendant complied with the Rule 604(d) procedures is subject to *de novo* review. *People v. Cook*, 2023 IL App (4th) 210621, ¶ 32. A *pro se* defendant is not entitled to greater leniency and is expected to comply with the rules of procedure just as a defendant represented by counsel. *Id.* (citing *People v. Stevenson*, 2011 IL App (1st) 093413, ¶ 39).

¶ 23 Gouge did not file a motion, timely or otherwise, to withdraw his guilty plea or to reconsider his sentence. Therefore, we agree with OSAD that we are precluded from considering his appeal on the merits, unless a valid basis for excusing his failure to comply with Rule 604(d) applies.

¶ 24 B. Illinois Supreme Court Rule 605(b) Admonishments

¶ 25 A defendant's failure to file a postplea motion as required by Rule 604(d) will not result in the loss of his right to direct appeal where the circuit court failed to properly admonish him pursuant to Rule 605(b) or (c). *People v. Foster*, 171 Ill. 2d 469, 473 (1996); *People v. Dunn*, 342 Ill. App. 3d 872, 877-78 (2003). Under the admonition exception, rather than dismissing the appeal, the appropriate action is to remand the cause to the trial court for compliance with Rule 604(d). *Flowers*, 208 Ill. 2d at 301; *Foster*, 171 Ill. 2d at 474.

¶ 26    Rule 605(b) concerns cases in which a judgment is entered on an open plea of guilty. It requires the circuit court to "substantially" advise the defendant at the time of sentencing of the following:

> "(1) that the defendant has a right to appeal;
>
> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;
>
> (3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;
>
> (4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;
>
> (5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and
>
> (6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(b) (eff. Apr. 15, 2024).

¶ 27    The court need not read the rule's admonishments verbatim, but "must impart to a defendant largely that which is specified in the rule" by communicating the rule's "essence." *People v. Dominguez*, 2012 IL 111336, ¶ 19. Substantial compliance with the rule is achieved where the defendant "is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.* ¶ 22.

¶ 28    Here, the sentencing hearing transcript shows that the circuit court read Gouge the required admonishments nearly verbatim. Toward the end of the hearing, the court stated as follows:

> "Mr. Gouge, you do have the right to appeal. Prior to taking an appeal you must file in the trial court, within 30 days of the date in which sentence is imposed, a written

motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw your plea of guilty setting forth your grounds in the motion.

If the motion is allowed the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made.

Upon request of the State, any charges that may have been dismissed as part of the plea agreement will be reinstated and also set for trial.

If the motion to reconsider sentence or vacate the judgment is denied and you still wish to appeal you must file your notice of appeal within 30 days of the date that the motion was denied.

If you are indigent a copy of the transcript of the proceedings at the time of the plea of guilty and sentence will be provided without cost to you, and counsel will be appointed to assist you with preparation of the motion.

And in any appeal taken from the judgment on the plea of guilty, any issue or claim of error not raised in the motion to reconsider sentence or to vacate the judgment and to withdraw your plea of guilty shall be deemed waived by the Appellate Court."

The court then asked Gouge if he understood his appeal rights, to which he responded that he did. Gouge then asked the court, "So I have to write you a letter to appeal it, or could I appeal it today while I'm here?" The court told him that it would provide him with a written copy of the appeal rights it had just read out, and that his public defender could get him "squared away."

¶ 29    Thus, it is clear that the circuit court complied with Rule 605(b) and properly put Gouge on notice of what he must do to preserve his right to appeal. The admonition exception does not apply to excuse his failure to file a timely postplea motion, and any argument to the contrary would lack merit.

¶ 30    We also note that we would be able to consider Gouge's appeal despite his failure to file a Rule 604(d) motion if he could argue that the court's judgment was void. *People v. Curry*, 2019 IL App (3d) 160783, ¶ 15; *People v. Gregory*, 379 Ill. App. 3d 414, 418 (2008). A judgment is void only if (1) it was entered by a court that lacked personal or subject-matter jurisdiction or (2) it was based on a statute that is facially unconstitutional and void *ab initio*. *People v. Abdullah*, 2019

8

IL 123492, ¶ 13. Here, it is clear that the circuit court had jurisdiction, and the statute under which Gouge was charged has never been declared unconstitutional.

¶ 31                    C. Ineffective Assistance of Counsel

¶ 32    "Where a defendant has failed to file a written motion to withdraw his plea of guilty or to reconsider his sentence, the appellate court must dismiss the appeal [citation], leaving the Post-Conviction Hearing Act as the defendant's only recourse." *Flowers*, 208 Ill. 2d at 301. OSAD considered whether Gouge could argue that defense counsel was ineffective by failing to file a postplea motion as required to preserve his right to appeal. *People v. Cuevas*, 2018 IL App (2d) 151100, ¶ 25.

¶ 33    The Second District in *Cuevas* explained such a claim as follows:

"An attorney who disregards the defendant's specific instruction to file a notice of appeal is professionally unreasonable, and the failure cannot be considered a strategic decision. [Citation.] If the defendant did not specifically instruct the attorney to file a notice of appeal, ineffective assistance can still be demonstrated by showing that the attorney failed to consult with the defendant about filing an appeal and that either (1) a rational defendant would have wanted to file an appeal (for example, because there were nonfrivolous grounds for an appeal) or (2) the defendant reasonably demonstrated that he desired to appeal. [Citations.]
        Further, when counsel has reason to know that a defendant is interested in securing relief from a conviction, counsel has a duty to consult with the defendant about pursuing an appeal. [Citation.] When the conviction arises from a guilty plea, that duty also necessarily entails a duty to consult about the necessary steps that must be taken in order to appeal, such as moving to withdraw the plea or to reconsider the sentence." *Id.* ¶¶ 25-26.

¶ 34    In the present matter, Gouge directly indicated his intent to appeal after the court admonished him pursuant to Rule 605(b). He told the judge, "I took the open plea, you know, to get out of jail. And I didn't think it would lead to this is what I'm getting at, you know. *** But yeah, I would definitely like to appeal this, sir." Gouge had counsel at this point, in the form of his court-appointed public defender. Furthermore, the court told Gouge that his counsel could assist him with perfecting his appeal.

9

¶ 35 Defense counsel did not prepare and file a motion to withdraw guilty plea or reconsider sentence. Instead, Gouge filed a *pro se* notice of appeal. OSAD admits that Gouge could have a nonfrivolous claim for ineffective assistance of counsel but argues that no such claim is justiciable at this time because it "will have to wait for other proceedings in other postures."

¶ 36 A proceeding under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)) is a collateral proceeding, not an appeal from the judgment of conviction. *People v. English*, 2013 IL 112890, ¶ 21. Without taking any position on the merits of a possible postconviction petition in this case, raising a claim of ineffective assistance of counsel or otherwise, we cannot review such claim for the first time on appeal. Therefore, we agree with OSAD that there is no justiciable ineffective assistance claim for us to consider at this time. Should Gouge wish to seek relief under the Act he must file a postconviction petition with the circuit clerk of the court where the conviction took place. 725 ILCS 5/122-1(b) (West 2024).

¶ 37 We note that Gouge has filed in this court a motion alleging ineffective assistance of plea counsel. Any such claim, which will almost certainly require consideration of facts which are *dehors* the record, must be brought in the circuit court. Consequently, that motion is stricken.

¶ 38                                    CONCLUSION

¶ 39 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 40 Motion granted; judgment affirmed.