NOTICE

Decision filed 12/01/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250124-U

NO. 5-25-0124

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Bond County. |
| | ) | |
| v. | ) | No. 23-CF-69 |
| | ) | |
| IVAN BASSETT, | ) | Honorable |
| | ) | Christopher J.T. Bauer, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*: Where the defendant entered negotiated pleas of guilty and subsequently filed a timely motion to withdraw his guilty pleas, and then withdrew the motion before a ruling thereon, and after the time for filing such motions had passed, the defendant lost his right to a direct appeal, and this court cannot consider the merits of this appeal, and because any argument to the contrary would lack merit, this court grants appointed appellate counsel leave to withdraw and dismisses this appeal.

¶ 2   Pursuant to negotiated pleas of guilty, the defendant, Ivan Bassett, was sentenced to imprisonment for indecent solicitation of a child and child pornography. He filed motions to withdraw his pleas and to reconsider the sentences, but subsequently, he withdrew all his postjudgment motions. Afterward, he filed a notice of appeal. The defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that this appeal must be dismissed and, on that basis, has filed with this court a motion to withdraw as counsel, along

1

with a brief in support thereof. See *Anders v. California*, 386 U.S. 738 (1967). OSAD properly served the defendant with its *Anders* motion and brief. This court gave the defendant the opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw or why this appeal should not be dismissed; however, the defendant has not filed a response. Having examined OSAD's *Anders* motion and brief, and the entire record on appeal, this court concludes that the instant appeal must be dismissed. Accordingly, this court grants OSAD's *Anders* motion to withdraw and dismisses the instant appeal.

¶ 3                                              I. BACKGROUND

¶ 4       On June 16, 2023, the defendant was charged by information with four counts, including indecent solicitation of a child, a Class 2 felony (720 ILCS 5/11-6(a), (c)(2) (West 2022)); possession of child pornography, a Class 3 felony (*id.* § 11-20.1(a)(6), (c)); unlawful possession of a controlled substance, a Class 4 felony (720 ILCS 570/402(c) (West 2022)); and grooming, a Class 4 felony (720 ILCS 5/11-25(a) (West 2022)). The circuit court appointed counsel for the defendant.

¶ 5       On October 19, 2023, the circuit court held a hearing, at which the State and appointed defense counsel appeared personally, and the defendant appeared via video conference. The defendant indicated that he had a plea agreement. When the court explained that a defendant who pleads guilty usually appears personally before the court, the defendant stated that he was agreeable to pleading guilty remotely. The State then announced the terms of the parties' agreement: the defendant would plead guilty to two counts in the information, indecent solicitation of a child and child pornography; the State "would be bound to a cap *** of five years in the Illinois Department of Corrections," followed by mandatory supervised release (MSR) for a term of one year for the indecent-solicitation count and six months for the child-pornography count;

and the other two counts in the information would be dismissed. The defendant indicated to the court that the terms of the agreement had been accurately stated and that he wished to proceed.

¶ 6    The court proceeded to admonish the defendant pursuant to Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). The defendant indicated that he understood the admonishments. He then pleaded guilty to indecent solicitation of a child and child pornography. The court determined that his pleas were voluntary. The defendant then indicated that he understood that by pleading guilty, he was waiving his right to a trial and also telling the court that the charges were true. The State recited a factual basis for the guilty pleas, and the defendant agreed that the evidence stated would have been the evidence presented at a trial.

¶ 7    Finding a factual basis for the pleas, the court accepted the pleas as knowingly and voluntarily made. The court scheduled a sentencing hearing and bound itself to the parties' agreement as to the maximum prison sentence, with probation still a possibility.

¶ 8    On January 4, 2024, the circuit court called the case for a sentencing hearing. The State, the defendant, and defense counsel were personally present. Toward the beginning of the hearing, the court noted that the defendant had been released from jail after pleading guilty. The court asked the defendant whether he was "impaired in any way" that might affect his ability to participate in the hearing, and the defendant answered, "No, sir." Defense counsel concurred. No witnesses testified at the hearing. The State recommended a sentence of imprisonment for an aggregated term of five years. Defense counsel recommended a sentence of probation. In his statement in allocution, the defendant stated, "I accept the blame for it and it's nobody else's fault." Presumably, the defendant was accepting blame for the crimes.

¶ 9    The court imposed the following sentences: for indecent solicitation of a child, 54 months of imprisonment, to be followed by 12 months of MSR, and for child pornography, 48 months of

imprisonment, to be followed by up to 6 months of MSR. The court imposed the minimum fines but immediately revoked them.

¶ 10    Finally, the court admonished the defendant about his appeal rights in compliance with Illinois Supreme Court Rule 605(c) (eff. Dec. 7, 2023). These admonishments included the defendant's need to preserve his right to appeal by "first filing a motion in this court asking to have today's judgment and sentence vacated and asking for leave of court or permission to withdraw your earlier pleas of guilty." The court noted that the motion needed to be in writing and needed to be filed within 30 days. The court also advised that the motion must set forth the grounds for withdrawal. The court told the defendant, "Any issue or claim of error that you fail to raise in that motion would be deemed waived or given up." The defendant indicated that he understood his appeal rights. The next day, the court entered a written order that dismissed the two counts of the information to which the defendant had not pleaded guilty.

¶ 11    On January 17, 2024, the defendant mailed, from prison, a handwritten letter to the judge who had presided over his plea and sentencing hearings. The defendant wrote that he wanted a "redetermination of sentence." He also wrote, *inter alia*, that the alleged victim had lied to him about her age, that the police report was almost wholly inaccurate, and that he was sick and sleepless on the date he pleaded guilty. On January 23, 2024, the defendant mailed from prison a *pro se* motion to withdraw his guilty plea. On January 26, 2024, the circuit court scheduled a status hearing for February 2, 2024.

¶ 12    On February 2, 2024, the circuit court held a status hearing. The State and appointed defense counsel, who had represented the defendant at the plea and sentencing hearings, appeared in court. Defense counsel was directed to contact the defendant and file any appropriate motions.

¶ 13    On February 5, 2024, the defendant mailed the circuit clerk, from prison, a *pro se* motion to reduce sentence. On February 15, 2024, the defendant filed a *pro se* motion to withdraw guilty plea and vacate sentence. In the latter motion, the defendant also complained about his counsel's performance, from discovery through sentencing.

¶ 14    There followed several months of continuances, status hearings, and apparent indecision on the part of the defendant as to how he wished to proceed. Eventually, appointed defense counsel was allowed to withdraw. On September 23, 2024, private counsel entered his appearance on the defendant's behalf.

¶ 15    On December 17, 2024, the defendant, by private counsel, filed a motion to vacate the guilty plea and sentence, or in the alternative, to reduce the sentence. According to that motion, a combination of sickness, lack of prescribed medication, and sleeplessness had rendered the defendant incapable of making an important decision on the date that he pleaded guilty. Furthermore, appointed defense counsel provided ineffective assistance in connection with the plea hearing and the sentencing. Finally, the defendant's sentence was excessive. On December 23, 2024, defense counsel filed a facially valid certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024).

¶ 16    On January 23, 2025, the circuit court called the case for a hearing on the defendant's postjudgment motions. The State and private defense counsel appeared personally. According to the judge, the defendant had been brought to the courthouse by Department of Corrections staff and was "in one of the conference rooms outside of the courtroom where we sit." When the judge asked private counsel whether he was ready to proceed, private counsel replied that he had had "long conversations, multiple conversations" with the defendant and the prosecutor, and that it was the defendant's "wish to dismiss any and all pending motions." Counsel added that he thought

5

"that will resolve all matters in this case." Without objection by the State, the court allowed the defendant to withdraw the postjudgment motions. The judge added that "I think the judgment is final" and "the defendant has been advised of his appeal rights." That same day, the court made a docket entry that read, in pertinent part: "On motion of defense counsel, all post-judgment motions are withdrawn. Judgments are now final and case is closed."

¶ 17    On February 20, 2025, the defendant filed a *pro se* notice of appeal from the judgment of conviction. The circuit court appointed OSAD to represent the defendant on appeal.

¶ 18                                   II. ANALYSIS

¶ 19    In the brief that accompanies its *Anders* motion, OSAD discusses two potential issues in this appeal. This court considers each issue.

¶ 20    The first potential issue raised by OSAD is whether this court is precluded from considering the defendant's appeal on the merits where he abandoned his motion to withdraw his guilty plea before filing his notice of appeal. Where a defendant has pleaded guilty pursuant to a negotiated plea of guilty with the State, Illinois Supreme Court Rule 604(d) requires that to preserve his right to appeal, he must file within 30 days after his sentencing a written motion to withdraw the plea and vacate the judgment. Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). A negotiated plea of guilty "is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." *Id.* Where such a defendant fails to file a motion to withdraw guilty plea, but he nevertheless files a notice of appeal, the appellate court cannot consider the merits of the appeal; rather, it must dismiss the appeal. See *People v. Flowers*, 208 Ill. 2d 291, 301 (2003). The purpose of Rule 604(d) is "to ensure that before a criminal appeal can be taken from a guilty plea," the circuit court first has an opportunity to hear

6

the defendant's "allegations of improprieties" that were "unwittingly given sanction" in its courtroom, and to do so while "witnesses are still available and memories are fresh." *People v. Wilk*, 124 Ill. 2d 93, 104 (1988). When an issue concerns the interpretation of a supreme court rule, this court reviews the issue *de novo*. *People v. Addison*, 2023 IL 127119, ¶ 17.

¶ 21　Here, the circuit court did not have the opportunity to hear the defendant's "allegations of improprieties." Although the defendant did, in fact, file a written motion to withdraw his guilty pleas within 30 days after his sentencing (by and through private counsel), he subsequently withdrew that motion. The defendant withdrew the motion immediately after the court called the case for a hearing on the defendant's postjudgment motions. The court had properly set the motions for a hearing, but the defendant's withdrawal of the motions left the court without an opportunity to hear them. The defendant's withdrawal of his motion to withdraw guilty pleas precludes this court from considering the merits of his appeal. Rather, this court must dismiss the appeal.

¶ 22　The second potential issue raised by OSAD is whether there were any errors in the circuit court's admonishments that would excuse the defendant's abandonment of his motion to withdraw guilty plea. As to this potential issue, the defendant refers to the circuit court's admonishments of the defendant after the court sentenced him on January 4, 2024. A defendant cannot be held to the requirements of Rule 604(d) unless he has been advised of those requirements. More specifically, he cannot be held to the requirement of filing, within 30 days after sentencing, a motion to withdraw his guilty plea unless he has been advised of that requirement. If the defendant has not been so advised, he will be excused from compliance with Rule 604(d).

¶ 23　At the time of the defendant's sentencing, Illinois Supreme Court Rule 605(c) (eff. Dec. 7, 2023) required the circuit court to advise the defendant of the Rule 604(d) requirements. If the court failed to advise him under Rule 605(c), the defendant would be excused for his failure to

abide by Rule 604(d), *i.e.*, for his failure to file a motion to withdraw guilty plea. See *People v. Foster*, 171 Ill. 2d 469, 473 (1996) (the "admonition exception" to Rule 604(d)). In such a situation, the appeal would not be dismissed; rather, this court would remand the case for strict compliance with Rule 604(d). *Flowers*, 208 Ill. 2d at 301 Whether there was compliance with Rule 605 is a question of law, subject to *de novo* review. *People v. Breedlove*, 213 Ill. 2d 509, 512 (2004). In general, "substantial compliance" with Rule 605(c) is all that is required. *People v. Dominguez*, 2012 IL 111336, ¶ 22.

¶ 24    Rule 605(c) required the court, at the time of the defendant's sentencing, to advise the defendant that he had a right to appeal, and that prior to taking that appeal, he was required to file, within 30 days, a written motion to withdraw his guilty plea, setting forth the grounds for the motion. Ill. S. Ct. R. 605(c)(1), (2) (eff. Dec. 7, 2023). The rule also required the court to advise the defendant that if his motion to withdraw guilty plea were successful, the judgment would be vacated and a trial would be set for the charges to which he pleaded guilty; that the State could choose to reinstate any charges that were dismissed as part of the plea agreement; that the defendant could have, without cost to him, a copy of the transcript of proceedings and counsel to assist with the preparation of the motion to withdraw guilty plea; and that any issue not raised in the motion to withdraw guilty plea "shall be deemed waived" on appeal. Ill. S. Ct. R. 605(c)(3)-(6) (eff. Dec. 7, 2023). (Rule 605(c) still requires the circuit court to advise a defendant along these lines. See Ill. S. Ct. R. 605(c) (eff. Apr. 15, 2024).)

¶ 25    In the instant case, the circuit court admonished the defendant in substantial compliance with Rule 605(c), as noted above. Furthermore, the court explicitly admonished him of the need to file a motion to withdraw guilty plea within 30 days in order to file an appeal. Therefore, the admonishment exception to Rule 604(d) does not apply in this case.

¶ 26                        III. CONCLUSION

¶ 27    Because the defendant received proper admonishments upon being sentenced, his withdrawal of his motion to withdraw guilty pleas (at a time beyond the 30-day deadline for filing postjudgment motions) resulted in his losing his right to appeal. Therefore, this court cannot consider the merits of this appeal but, instead, must dismiss the appeal. No argument to the contrary would have merit. Accordingly, this court grants OSAD leave to withdraw as counsel and dismisses the instant appeal.

¶ 28    Motion granted; appeal dismissed.